Kerry S. Culpepper, HI Bar No. 9837, *pro hac vice*
Culpepper IP, LLLC
75-170 Hualalai Road, Suite B204
Kailua Kona, HI 96740
Tel: 808-464-4047
Fax: 202-204-5181
kculpepper@culpepperip.com

Tobi Clinton, (SBN 209554)
330 Vernon St., Unit 795
Roseville, CA 95678
Tel: 650-735-2137
Fax: 202-204-5181
tclinton@culpepperip.com

*Attorneys for Third-Party Plaintiff*:
KILLING LINK DISTRIBUTION, LLC

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| KILLING LINK DISTRIBUTION, LLC,<br><br>       Third-Party Plaintiff,<br><br>   v.<br><br>SOPHIDEA, INC.<br><br>       Third-Party Defendant. | Case No.:  3:20-CV-3813-CRB<br><br>**THIRD-PARTY COMPLAINT FOR INJUNCTIVE RELIEF PER 17 U.S.C. § 512(j)** |

**THIRD-PARTY COMPLAINT**

Third-Party Plaintiff KILLING LINK DISTRIBUTION, LLC ("Plaintiff"), by and through its counsel, files this Complaint against Third-Party Defendant SOPHIDEA, INC. ("Defendant"), and alleges as follows:

**I.     NATURE OF THE ACTION**

1.     Plaintiff brings this action under: (a) the United States Copyright Act of 1976, as amended, 17 U.S.C. §§ 101, et seq. (the "Copyright Act") and alleges that Defendant is liable for contributory copyright infringement in violation of 17 U.S.C. §§ 106 and 501.

CULPEPPER IP, LLLC
75-170 HUALALAI ROAD
SUITE B204
KAILUA-KONA,
HAWAII 96740
(808) 464-4047

1

## II.   JURISDICTION AND VENUE

2. This Court has subject matter jurisdiction over this action pursuant to 17 U.S.C. §§ 101, et. seq., (the Copyright Act), 28 U.S.C. § 1331 (federal question), and 28 U.S.C. § 1338 (patents, copyrights, trademarks, and unfair competition).

4. Defendant solicits, transacts, or is doing business within this jurisdiction, and has committed unlawful and tortious acts both within and outside this jurisdiction with the full knowledge that such acts would cause injury in this jurisdiction.

5. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) - (c) because: (a) all or a substantial part of the events or omissions giving rise to the claims occurred in this District; and (c)(3) Defendant may be sued in this District.  Additionally, venue is proper in this District pursuant to 28 U.S.C. § 1400(a) (venue for copyright cases), because the Defendants or Defendants' agents reside or may be found in this District.

6. Particularly, Defendant has entered into contractual service agreements with HURRICANE ELECTRIC, LLC ("HE"), the Plaintiff in the operating First Amended Complaint, in which, upon information and belief, Defendant agrees to personal jurisdiction and venue in this District.

## III.   PARTIES

### A.   The Plaintiff

7. Plaintiff is a limited liability company organized under the laws of California and having its principal office in California.

8. Plaintiff is the owner of the copyright registration numbers PAu003768455 and PAu003975781 in the screenplay and motion picture for the movie *Kill Chain* ("Work") released in 2019.

9. The Work features Nicholas Cage and tells the story of three strangers whose lives

CULPEPPER IP, LLLC
75-170 HUALALAI ROAD
SUITE B204
KAILUA-KONA,
HAWAII 96740
(808) 464-4047

are entangled in a conflict.

**B.   The Defendant**

10.     Defendant is a Corporation organized under the laws of Wyoming and, upon information and belief, having its principal place of business in San Jose, California.

11.     Defendant is an Internet Service Provider ("ISP") operating in California.

12.     Defendant purchases Internet access, Internet Protocol addresses and co-location services from HE.

## V.     FACTUAL BACKGROUND

*A.  The Plaintiff Owns the Copyright to the Work*

13.     Plaintiff is the owners of the copyrights in the Work.  The Work is the subject of copyright registrations, and this action is brought pursuant to 17 U.S.C. § 411.

14.     Defendant had notice of Plaintiff's rights through at least the credits indicated in the content of the motion pictures which bore a proper copyright notice.

15.     Defendant also had notice of Plaintiff's rights from one or more notifications sent by Plaintiff's agent to HE and, upon information and belief, forwarded to Defendant from HE.

*B. The Defendant knowingly provided network connections to its users that infringed Plaintiff's Work.*

16.     Defendant provides a Virtual Private Network ("VPN") service for transmitting, routing and/or or providing connections for said transmitting and routing, through a network controlled by Defendant ("providing network connections").

17.     Defendant provides its VPN service so that its users access the Internet using IP addresses assigned to Defendant from HE.

18.     When Defendant's users use the VPN to access the Internet, the IP addresses assigned to Defendant from HE are publicly visible as the IP address of the users.

CULPEPPER IP, LLLC
75-170 HUALALAI ROAD
SUITE B204
KAILUA-KONA,
HAWAII 96740
(808) 464-4047

3

19. Defendant's users have used this VPN service to access illicit notorious piracy websites to download and share copies of Plaintiff's motion picture ("pirate") without a license.

20. Particularly, Defendant's users have used this VPN service to download torrent files of Plaintiff's Work, and pirate Plaintiff's Work on the Internet via the BitTorrent Protocol Client throughout the world.

21. Defendant's users have used this VPN service to access piracy websites including but not limited to: (a) YTS; (b) Piratebay; (c) Rarbg; (d) 1337x; (e) Fmovies; (f) Cimaclub; (g) Phinmoi; (h) Rapidgator; (i) Rutracker; (j) Torrentz2; (k) Uploaded; and (l) VK to engage in massive piracy.

22. These piracy websites originate from outside of the United States and will often change domains or include proxy domains or even use United States CDN or DNS services to defeat website blocking measures.

23. Many of these piracy websites are so notorious for their criminal activities that they were mentioned in the "2019 Review of Notorious Markets for Counterfeiting and Piracy" published by the office of the United States Trade Representative. *See* https://ustr.gov/sites/default/files/2019_Review_of_Notorious_Markets_for_Counterfeiting_and_Piracy.pdf [last accessed on Dec. 8, 2020].

24. Defendant continued to provide network connections to its users despite receiving notices indicating that Defendant's users were using the network connection to engage in piracy via, for example, one or more of the above piracy websites.

**VI.  CLAIM FOR RELIEF**
**(Application for Injunctive Relief based upon Contributory Infringement)**

25. Plaintiff re-alleges and incorporates by reference the allegations contained in each of the foregoing paragraphs.

CULPEPPER IP, LLLC
75-170 HUALALAI ROAD
SUITE B204
KAILUA-KONA,
HAWAII 96740
(808) 464-4047

4

26. Plaintiff is the copyright owner of the Work which contains an original work of authorship.

27. Defendant had actual knowledge of its users' infringements of Plaintiff's exclusive rights under the Copyright Act.

28. Despite having said actual knowledge, Defendant has continued to provide Internet service to its users.

29. Defendant's actions of providing transmission, routing, or connections for said copies of the Work to its users are a direct and proximate cause of the infringements of Plaintiff's Work.

30. Defendant had actual or constructive knowledge of infringement of Plaintiff's exclusive rights under the Copyright Act by its users. Defendant knowingly and materially contributed to such infringing activity.

31. As a direct and proximate result of the infringement to which Defendants knowingly and materially contribute, Plaintiff is entitled to injunctive or other equitable relief as provided by 17 U.S.C. §§ 512(j)(1)(A) and (B) including but not limited to an order restraining Defendant from providing access to infringing material or activity residing at movie piracy websites including but not limited to: (a) YTS; (b) Piratebay; (c) Rarbg; (d) 1337x; (e) Fmovies; (f) Cimaclub; (g) Phinmoi; (h) Rapidgator; (i) Rutracker; (j) Torrentz2; (k) Uploaded; and (l) VK and/or taking reasonable steps to block access tp said movie piracy websites.

WHEREFORE, the Plaintiff respectfully requests that this Court:

(A) enter temporary, preliminary and permanent injunctions enjoining Defendant from continuing to provide access to infringing material or activity residing at particular online sites; and

(B) grant the Plaintiff any and all other and further relief that this Court deems just and

CULPEPPER IP, LLLC
75-170 HUALALAI ROAD
SUITE B204
KAILUA-KONA,
HAWAII 96740
(808) 464-4047

5

proper.

DATED Kailua-Kona, Hawaii, December 9, 2020.

          Respectfully submitted,

          **CULPEPPER IP, LLLC**

          */s/ Kerry S. Culpepper*
          Kerry S. Culpepper
          *Attorney for Third-party Plaintiff*

CULPEPPER IP, LLLC
75-170 HUALALAI ROAD
SUITE B204
KAILUA-KONA,
HAWAII 96740
(808) 464-4047