Kerry S. Culpepper, HI Bar No. 9837, *pro hac vice*
Culpepper IP, LLLC
75-170 Hualalai Road, Suite B204
Kailua Kona, HI 96740
Tel: 808-464-4047
Fax: 202-204-5181
kculpepper@culpepperip.com

Tobi Clinton, (SBN 209554)
330 Vernon St., Unit 795
Roseville, CA 95678
Tel: 650-735-2137
Fax: 202-204-5181
tclinton@culpepperip.com

*Attorneys for Third-Party Plaintiff:*
KILLING LINK DISTRIBUTION, LLC

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| KILLING LINK DISTRIBUTION, LLC,<br><br>Third-Party Plaintiff,<br><br>v.<br><br>SOPHIDEA, INC.<br><br>Third-Party Defendant. | Case No.: 3:20-CV-3813-CRB<br><br>**STIPULATED INJUNCTION AND DISMISSAL BETWEEN THIRD-PARTY PLAINTIFF KILLING LINK DISTRIBUTION, LLC AND THIRD-PARTY DEFENDANT SOPHIDEA, INC.**<br>ORDER |

**STIPULATED INJUNCTION AND DISMISSAL BETWEEN THIRD-PARTY PLAINTIFF KILLING LINK DISTRIBUTION, LLC AND THIRD-PARTY DEFENDANT SOPHIDEA, INC.**

Whereas, Third-Party Plaintiff KILLING LINK DISTRIBUTION, LLC ("Plaintiff"), appearing through its counsel Kerry S. Culpepper, and Third-Party Defendant SOPHIDEA, INC. ("Defendant"), through its authorized officer and president, Mark Chen, comes before the Court on their joint Stipulated Injunction and Stipulated Dismissal.

Plaintiff has filed a Third-Party Complaint requesting injunctive relief against Defendant based upon allegations that Defendant contributes to copyright infringement of its users that Defendant's Virtual Private Network ("VPN") service to pirate Plaintiff's motion pictures.

CULPEPPER IP, LLLC
75-170 HUALALAI ROAD
SUITE B204
KAILUA-KONA,
HAWAII 96740
(808) 464-4047

1

Defendant provides its VPN service for the purpose of providing uncensored Internet access to people in closed societies. Defendant is operated by a group of volunteers who are dedicated to this goal. Many of Defendant's users are citizens in countries with internet censorship such as Iran, China, Russia and Vietnam, etc. Defendant depends on donations to provide this VPN service and does not make any profit. Defendant has recently operated at a deficit.

To protect Defendant's users from their own governments, Defendant does not require users to log in to use Defendant's services. Rather, users can download Defendant's software for free without providing any personal information. To further protect them, and also due to the volume of traffic, Defendant does not log their users' access, i.e. their IP addresses and websites visited.

Although the vast majority of Defendant's users use the VPN service legitimately solely to access blocked content, Defendant concedes that in rare occasions, some users have abused Defendant's systems and access information they should not be accessing. Accordingly, Defendant has been using its best efforts to discourage such abuses by informing and warning users and adopting technical means such as blocking access on Defendant's servers.

Defendant has been unable to eliminate occasional illicit usages due to the difficulty in distinguishing unacceptable from acceptable web accesses among traffic, the vast majority of traffic of which is encrypted. However, Defendant respects United States intellectual property rights and wishes to prevent its users from using the VPN service for movie piracy.

Accordingly, Plaintiff is providing Defendant with a list of notorious movie piracy websites and the Internet Protocol addresses at where these notorious movie piracy websites are hosted so that Defendant can block access to said websites on its servers pursuant to 17 U.S.C. §512(j).

Plaintiff and Defendant ("Parties") believe these websites originate from online locations outside the United States, although some use United States services for Content Delivery Network and Domain Name System services. Indeed, the majority of these websites have been mentioned in the "2019 Review of Notorious Markets for Counterfeiting and Piracy" published by the office of the United States Trade Representative. *See* https://ustr.gov/sites/default/files/2019_Review_of_Notorious_Markets_for_Counterfeiting_and_Piracy.pdf [last accessed on Dec. 8, 2020].

Culpepper IP, LLLC
75-170 Hualalai Road
Suite B204
Kailua-Kona,
Hawaii 96740
(808) 464-4047

**WHEREFORE IT IS HEREBY STIPULATED AND ORDERED** for all matters relevant to this case between the parties as follows:

1. The Parties agree that the Court has personal jurisdiction over the Parties and venue is proper.

2. The Parties agree that Plaintiff has valid and enforceable copyrights in the movie *Killing Chain* as identified in the Third-Party Complaint.

3. Defendant acknowledges that it has received independent legal advice from counsel or has had the opportunity to seek advice from counsel, with respect to the facts and this Stipulation.

4. Defendant denies liability but acknowledges that its users may have used the VPN service provided by Defendant to pirate copyright protected content, including Plaintiff's Work.

5. The Parties give the Court authority to modify this website blocking injunction and the time period for which it will retain jurisdiction to enforce the injunction.

### PERMANENT WEBSITE BLOCKING INJUNCTION PER 17 U.S.C. §§512(j)

Pursuant to 17 U.S.C. §§512(j)(A)(1)(i), (iii) and (B)(ii), the Court **ORDERS** Defendant and those under its control to **BLOCK** access on its servers or servers under its control to the following domains, including their proxy links, mirror sites, etc. within 30 days of this Order:

| Website Name | Current Domain | Known Proxies | Current IP address |
| --- | --- | --- | --- |
| The PirateBay | thepiratebay.org |  | 162.159.136.6 |
| Rarbg | rarbg.to |  | 185.37.100.122 |
| 1337x | 1337x.to | 1337x.se; 1337x.st; x1337x.ws; x1337x.eu; x1337x.se | 104.31.88.65 |
| Fmovies | fmovies.is | fmovies.to; fmovies.se | 199.59.242.153 |
| YTS | yts.ae |  | 104.24.106.160 |
| YTS | yst.lt |  | 104.24.96.132 |
| YTS | yts.mx |  | 104.26.6.75 |
| Cimaclub | cimaclub.com | cima4u.tv | 104.28.18.69 |

CULPEPPER IP, LLLC
75-170 HUALALAI ROAD
SUITE B204
KAILUA-KONA,
HAWAII 96740
(808) 464-4047

3

| Phinmoi | phimmoi.net | | 104.18.27.248 |
|---|---|---|---|
| Rapidgator | rapidgator.net | rg.to | 195.211.222.116 |
| Rutracker | rutracker.org | | 195.82.146.214 |
| Torrentz2 | torrentz2.eu | torrentz2eu.xyz; torrentz2.is | Currently not available |
| Uploaded | uploaded.net | ul.to; uploaded.to | 81.171.123.200 |
| VK | vk.com | | 87.240.139.194 |

The Defendant shall be considered having complied with this Order if the Defendant implements any *one* or more of the following steps:

(a)   Domain Blocking of the Target Domain Names;

(b)   IP Address blocking or re-routing in respect of the Target IP Addresses;

(c)   URL blocking in respect of the Target URLs and the Target Domain Names; or

(d)   any alternative technical means for disabling access to the Target Online Locations as agreed in writing between the Parties.

The Plaintiff can supplement or update this list with further movie piracy websites that are mentioned in future versions of the *Review of Notorious Markets for Counterfeiting and Piracy* published by the office of the United States Trade Representative or a website that has been found liable for copyright infringement in an appropriate Court in the United States.

The Plaintiff can supplement or update this list at most two times a year unless further updates are accepted by Defendant.

Defendant must **BLOCK** access to the domains associated with the updated list within 30 days of receipt from Plaintiff or file any objection to the updated list in this Court after the Parties have met and conferred to attempt to resolve any dispute concerning the updated list.

Any third party who asserts an ownership interest in any website and/or IP address on this list or any updated list may make an appropriate motion in this Court after first attempting to meet and confer with Plaintiff by contacting Plaintiff's counsel to protect their rights.

This Court will retain jurisdiction for the purposes of enforcing the Website Blocking

CULPEPPER IP, LLLC
75-170 HUALALAI ROAD
SUITE B204
KAILUA-KONA,
HAWAII 96740
(808) 464-4047

4

1  Injunction.

## STIPULATED DISMISSAL

Pursuant to Rules 41(a)(1)(A)(ii) and 41(a) (2) of the *Federal Rules of Civil Procedure*, this action and all claims asserted herein by Plaintiff Killing Link Distribution, LLC against Defendant Sophidea, Inc. are hereby dismissed with prejudice, each party to bear any remaining costs and attorneys' fees. No answer or motion for summary judgment has been filed by Defendant.

With entry of this Stipulation, this matter is terminated with respect to Defendant SOPHIDEA, INC.

IT IS SO STIPULATED.

DATED Kailua-Kona, Hawaii, December 9, 2020.

Respectfully submitted,

**CULPEPPER IP, LLLC**

/s/ *Kerry S. Culpepper*
Kerry S. Culpepper
*Attorney for Plaintiff Killing Link Distribution, LLC*

DATED Kailua-Kona, Hawaii, December 9, 2020.

Respectfully submitted,

Mark Chen
*President and Authorized Officer for Sophidea, Inc.*

## ORDER
[L.R. 7-12]

PURSUANT TO STIPULATION, IT IS SO ORDERED.

Date: December 10, 2020

_____
Charles R. Breyer
United States District Judge

CULPEPPER IP, LLLC
75-170 HUALALAI ROAD
SUITE B204
KAILUA-KONA,
HAWAII 96740
(808) 464-4047

6